CITY OF RIVER FALLS, Plaintiff-Respondent,†

v.

ST. BRIDGET'S CATHOLIC CHURCH OF RIVER FALLS,
Defendant-Appellant.

Court of Appeals

*No. 93–2637. Submitted on briefs January 31, 1994.—Decided
February 15, 1994.*

(Also reported in 513 N.W.2d 673.)

†Petition to review denied.

436

For the defendant-appellant the cause was submitted on the briefs of *Edward W. Matchett* of *Davison & Vlack* of River Falls.

For the plaintiff-respondent the cause was submitted on the brief of *Steven B. Goff* of *Bye, Krueger & Goff, S.C.*, of River Falls.

For the the State of Wisconsin an amicus curiae brief was submitted by *James E. Doyle*, attorney general, and *Alan Lee*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   St. Bridget's Catholic Church of River Falls appeals a judgment ordering it to pay to the City of River Falls charges associated with the cost of providing water for public fire protection (PFP) under § 196.03(3)(b), STATS.[1] The church contends that the

---

[1] For ease in discussion, we will refer to the charges associated with the cost of providing water for public fire protection under § 196.03(3)(b), STATS., as "PFP charges." These charges do not encompass costs associated with operating and maintaining a fire department or any other costs not associated with the

438

trial court erred by concluding that § 196.03(3)(b) imposes a fee and not an unconstitutional tax on otherwise tax exempt properties. The church argues that PFP charges under § 196.03 constitute a tax because the primary purpose and effect of the charge is to raise revenue and not to collect charges for services rendered. The church further argues that allowing the city to assess a PFP charge on the church under § 196.03 results in the church's property being partially exempt and taxed without uniformity, in violation of the uniformity clause of Art. VIII, § 1 of the Wisconsin Constitution. Because we conclude that the PFP charge is a fee and not a tax, we affirm the judgment.

The relevant facts are undisputed. The city provides water services as a public utility under § 196.01, STATS. Among the services the city provides is water production, storage and transmission for public fire protection. Prior to the enactment of § 196.03(3)(b), the city paid for the expenses of providing water for public fire protection out of general property tax revenues under ch. 70, STATS. After § 196.03(3)(b) was enacted, the city elected to collect PFP charges as part of each utility customer's water bill. In 1989, the Public Service Commission approved two methods of apportioning the cost of providing water for public fire protection. One method the PSC approved is to calculate the amount of PFP charge each customer pays according to the customer's property value. The city uses this method to calculate the amount of PFP charge each customer pays. Since January 1990, the city has included a PFP charge in all city water utility bills.

The church sent a letter to the PSC "Requesting a Public Hearing on (PFP) 196.03." The PSC responded,

production, storage, transmission, sale and delivery or furnishing of water for public fire protection purposes.

explaining that the city was authorized by § 196.03(3)(b), STATS., and the PSC's 1989 order to assess PFP charges on utility customers according to the customers' property values. The PSC advised the church that concerns about being assessed a PFP charge and the timing of implementation should be raised before the city's common council. The PSC noted that it could not address these issues because the statute expressly granted the city authority to assess utility customers a PFP charge. The PSC also advised the church that it could request a formal review of the city's rates if it desired.

The church refused to pay the PFP charge, claiming that § 196.03(3)(b), STATS., is unconstitutional. The city subsequently filed a complaint with the trial court seeking a declaration that § 196.03(3)(b) is constitutional and a judgment ordering the church to pay the PFP charge. The trial court concluded that § 196.03(3)(b) is constitutional because the PFP charge is a fee, not a tax. The trial court noted that (1) the charge could be imposed by either a public or a private water utility, (2) the city imposed the charge in its capacity as a utility to pay its operational expenses, not as a municipality to collect revenue and (3) nonpayment of the charge does not result in a lien on the customer's property.

Section 196.03(3)(b), STATS., provides in part:

> In the case of a public utility furnishing water, the retail charges for the production, storage, transmission, sale and delivery or furnishing of water for public fire protection purposes not included in general service charges shall be included in the water utility bill of each customer of the public utility in a city . . . unless the governing body of that city . . . adopts a resolution providing that the city . . . will

440

pay those charges to the public utility furnishing the water.

Whether a statute is constitutional is a question of law that we determine independently of the trial court. *Phillips v. WPC*, 167 Wis. 2d 205, 224, 482 N.W.2d 121, 128 (Ct. App. 1992). Statutes "carry a heavy presumption of constitutionality and the challenger has the burden of proving unconstitutionality beyond a reasonable doubt." *Id.* (Citation omitted.) If doubt exists as to a statute's constitutionality, it must be resolved in favor of constitutionality. *State ex rel. Hammermill Paper Co. v. La Plante*, 58 Wis. 2d 32, 45-46, 205 N.W.2d 784, 792 (1973). Moreover, if any reasonable basis exists upon which a statute may be found constitutional, we must presume the legislature enacted the statute on that basis. *Id.* at 46, 205 N.W.2d at 793 (citation omitted). A statute should be found constitutional if at all possible. *Id.* at 47, 205 N.W.2d at 793.

The church contends that § 196.03(3)(b), STATS., is unconstitutional because it authorizes a partial tax on tax-exempt organizations. We therefore must first determine whether the PFP charge is a tax imposed on property owners or a fee assessed for services provided to utility customers.

A tax is an enforcement of proportional contributions from persons and property, imposed by a state or municipality in its governmental capacity for the support of its government and its public needs. *Buse v. Smith*, 74 Wis. 2d 550, 575, 247 N.W.2d 141, 153 (1976). Our supreme court explained the difference between taxes and fees: the primary purpose of a tax is to obtain revenue for the government, while the primary purpose of a fee is to cover the expense of

441

providing a service or of regulation and supervision of certain activities. *State v. Jackman*, 60 Wis. 2d 700, 707, 211 N.W.2d 480, 485 (1973).

The church concedes that a municipality that furnishes water and collects charges for furnishing that water is acting in its proprietary capacity as a public utility. The church also concedes that such a charge is a fee assessed for services rendered to utility customers. The church argues, however, that the PFP charge is not based on services rendered to utility customers, but is a mechanism for collecting revenue to pay for the cost of providing public fire protection. The church asserts that when a municipality provides adequate water and water storage for public fire protection purposes, it is acting in its governmental capacity, just as when a municipality provides fire trucks for public fire protection purposes. The church notes that the PFP charge is assessed regardless of whether the utility customer actually used water to fight a fire. Thus, the church concludes, the PFP charge is not a fee for services rendered, but is a tax.

Our supreme court stated in *Milwaukee v. Milwaukee & Suburban Transp. Corp.*, 6 Wis. 2d 299, 305, 94 N.W.2d 584, 588 (1959), that "[t]he substance, and not the form, of the imposition is the test of its true character." The church's argument incorrectly assumes that to be a fee, a charge must be assessed for commodities actually consumed. As we previously stated, if the primary purpose of a charge is to cover the expense of providing services, supervision or regulation, the charge is a fee and not a tax. *Jackman*, 60 Wis. 2d at 707, 211 N.W.2d at 485.

Here, the purpose of the PFP charge is to cover the public utility's expense of making water available, stor-

442

ing the water and ensuring that water will be delivered in case it is needed to fight fires at the utility customers' properties. Making water available, storing it and ensuring its delivery is a proprietary function, not a governmental function. The city is assessing the PFP charge in its role as the proprietor of the public utility and not in its role as a municipality providing equipment needed to fight fires. The fact that a municipality is assessing the PFP charge, rather than a private utility, does not itself render the charge a tax collected by a government. Nor does the fact that the amount of PFP charge assessed is computed according to the customer's property value itself render the charge a tax. Because the purpose of the PFP charge is to cover the public utility's expense of making water available, storing the water and ensuring that water will be delivered in case it is needed to fight fires at the utility customers' properties, its substance is consistent with a fee, not a tax.

Furthermore, the PFP charge authorized under § 196.03(3)(b), STATS., lacks some of the common characteristics of a tax. We note that the legislature did not designate § 196.03 as a tax statute, and its administration is not an integral part of the property taxing process. *See State ex rel. La Follette v. Torphy*, 85 Wis. 2d 94, 104-05, 270 N.W.2d 187, 191 (1978). In addition, unlike property taxes and assessments, nonpayment of the PFP charge does not result in a lien on the utility customer's land. *See De Pere v. PSC*, 266 Wis. 319, 326-27, 63 N.W.2d 764, 769 (1954). The fact that the PFP charge lacks some of the common characteristics of a tax supports our conclusion that the PFP charge is a fee and not a tax.

443

Because we conclude that the PFP charge is a fee and not a tax, the church's constitutional challenge to § 196.03(3)(b), STATS., must fail. We therefore need not address the other issues the church raises. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983). We note, however, that there is some confusion whether the church also seeks to challenge the PSC's order authorizing municipalities to compute the amount of PFP charge assessed to each utility customer based upon the value of the customer's property. If the church seeks to challenge the PSC's order, it must proceed under ch. 227, STATS. *See* § 196.41, STATS. Therefore we consider this issue only to the extent that it is argued to be indicative of a tax. As we previously noted, because the PFP charge's administration is not an integral part of the property taxing process, the fact that the charge is calculated according to property value does not render the charge a tax.

*By the Court.*—Judgment affirmed.