Domenico BENTIVENGA, Donald L. McGrath, Jr., Kathryn P. McGrath, James Tietz, Louis Haan and Richard Haan, Plaintiffs-Appellants,

v.

CITY OF DELAVAN, Defendant-Respondent,†

LODGES AT LAKE LAWN RESORT CONDOMINIUM ASSOCIATION, INC., Defendant.

Court of Appeals

*No. 2014AP137. Submitted on briefs September 9, 2014.*
*—Decided October 15, 2014.*

2014 WI App 118

(Also reported in 856 N.W.2d 546.)

† Petition for Review filed.

610

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *David C. Williams* of *Harrison, Williams & McDonell, LLP*, Lake Geneva.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Steven A. Koch* and *Kathilynne A. Grotelueschen* of *Seymour, Kremer, Koch, Lochowicz & Duquette, LLP*, Elkhorn.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. REILLY, J. The City of Delavan collects a "fee in lieu of room tax" from the owners of certain units in the Lodges at Lake Lawn Resort Condominium who choose not to rent to the public. Six unit owners (the Owners) who have paid the fee in recent years brought suit against the City and the Lodges at Lake Lawn Resort Condominium Association (the Association), which collects the fee and pays it to the City, arguing that the fee constitutes an illegal tax. The circuit court granted summary judgment to the City, which argued that the fee is an authorized penalty imposed by contract. As we

find that the "fee in lieu of room tax" is a tax, and the City points to no legal authorization for imposing such a tax, we reverse.

## BACKGROUND

¶ 2. Delavan Resort Holdings (the Developer) and the City entered into an agreement in May 2005 related to the development of the Lodges at Lake Lawn Resort Condominium. Part of the development agreement required the Developer to "submit all condominium declarations and related documents to the City for review and approval" and that the declarations would require that part of the development "shall at all times be deemed to be rental units."

¶ 3. The Developer also agreed that a fee would be imposed on the owner of a rental unit in the affected area who did not want to rent his or her unit to the public and that the fee would be paid to the City "in lieu of the room tax which the City would have otherwise received from the rental of such Unit to the public." The agreement established a "base fee" of $250 per month and linked future increases to the consumer price index or to the average room tax collected from the units rented to the public at the resort. The agreement provided that the Association would collect this fee from unit owners and remit it to the City. A condominium declaration recorded in January 2006 further provided that if the Association did not collect or pay the "Fee in Lieu of Room Tax" to the City, "the City shall have the right to collect any such unpaid amount directly from the Unit Owner and/or from the Association." The Owners had notice of the declaration before closing on their purchases of the condominium units.

¶ 4. The Owners chose to not rent their units to the public and paid the fee. They sued the City and the

613

Association seeking a judgment declaring the fee to be illegal and a refund of fees paid thus far. They subsequently moved for summary judgment on their claim that the fee is an illegal tax. The City filed a cross motion for summary judgment on the basis that the fee "is a valid and enforceable contractual term" and not a tax. The circuit court sided with the City, finding that the Owners had "specifically contracted to pay" the fee and that the City had a "legitimate reason" for the contractual term as it provided "a back-up mechanism for a decrease of the taxes because these rooms are not rented to transients." The Owners appeal.

## STANDARD OF REVIEW

¶ 5. The only issue on appeal is whether the "fee in lieu of room tax" is a tax.[1] There are no genuine issues of material fact, and we independently review the grant of summary judgment by the standard articulated in WIS. STAT. § 802.08(2), just as the circuit court applied that standard. *See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987).

## DISCUSSION

¶ 6. A tax is an "enforced proportional contribution[] from persons and property" levied to support a

[1] The City reasserts its argument, raised in its cross summary judgment motion, that the Owners lack standing to challenge the fee as they were not parties to or beneficiaries of the development agreement. Ignoring whether the City should have preserved this defense by raising it in a responsive pleading, *see* WIS. STAT. § 802.06(2)(a)1. (2011–12), our determination regarding whether the fee constitutes a tax also resolves the City's standing argument. All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

government and its needs. *State ex rel. Bldg. Owners & Managers Ass'n v. Adamany*, 64 Wis. 2d 280, 289, 219 N.W.2d 274 (1974) (citation omitted). The purpose, and not the name it is given, determines whether a government charge constitutes a tax. *City of Milwaukee v. Milwaukee & Suburban Transp. Corp.*, 6 Wis. 2d 299, 305–06, 94 N.W.2d 584 (1959). "[T]he primary purpose of a tax is to obtain revenue for the government" as opposed to covering the expense of providing certain services or regulation. *City of River Falls v. St. Bridget's Catholic Church of River Falls*, 182 Wis. 2d 436, 441–42, 513 N.W.2d 673 (Ct. App. 1994). A "fee" imposed purely for revenue purposes is invalid absent permission from the state to the municipality to exact such a fee. *Milwaukee & Suburban Transp.*, 6 Wis. 2d at 306.

¶ 7. We find that the City's "fee in lieu of room tax" is a tax. The "fee" is enforced proportionally by the City against the Owners (via the Association) by unit based on their decisions to not rent those units to the public. The revenue collected from the Owners is not dedicated to the provision of any service or regulation but purely for general government revenue. Indeed, the revenue collected from the Owners has been designated to supplant taxes that the City contends it would otherwise be able to lawfully collect if the Owners rented out their units to the public. Increases in the fee are linked to increases in the consumer price index or average room tax collections at the resort, not the expense of any specific governmental services.

¶ 8. The City concedes that "there is no statutory or constitutional authority for a fee such as the fee in lieu of room tax to be imposed as a tax." Instead the City argues that the "fee in lieu of room tax" is not a tax, but a "contractual penalty" that the City could bargain for

in its proprietary capacity. Relying for its persuasive value on our decision in *Baylake Bank v. Fairway Properties of Wisconsin, LLC*, No. 2010AP2632, unpublished slip op. (WI App Sept. 15, 2011), the City argues that it is authorized to impose such a penalty via the development agreement as a back-up mechanism to receive room taxes lost by the Owners' decision to not rent their units to the public. The City's reliance on *Baylake Bank* is misplaced.

¶ 9. *Baylake Bank* involved that part of a development agreement between the city of Waupaca and Fairway that imposed a liquidated damages penalty on Fairway for not reaching certain annual development goals. *Id.*, ¶ 3. The provision allowed the city to recoup the expenses it incurred for its part of the agreement if Fairway did not develop property as promised to generate revenue to cover those costs. *Id.*, ¶ 9. After Fairway defaulted on its mortgage, the city attempted to gain priority over other creditors in foreclosure proceedings by arguing that the damages owed to it under the development agreement were taxes. *Id.*, ¶ 4. We disagreed, finding that they were "contract damages [to] help the City to recoup its investment." *Id.*, ¶ 18.

¶ 10. In contrast to *Baylake Bank*, the "fee in lieu of room tax" does not help the City recoup its investment in the resort development. As the Owners point out, there is an entirely separate provision in the development agreement that provides a mechanism for the City to pay off its debt related to the development. Additionally, the "fee in lieu of room tax" is not placed on the Developer, but on unit owners who were not parties to the development agreement, and continues in perpetuity at the City's discretion. As the City openly acknowledges, the "fee in lieu of room tax" is its way of collecting revenue that it had hoped to receive through

616

taxation. The revenue is not designated for any development-related purpose but to go into the City's general fund.

¶ 11. The fact that the "fee in lieu of room tax" is imposed by contract does not change its character or provide the City with the authority to impose such a tax. *See Milwaukee & Suburban Transp.*, 6 Wis. 2d at 311–12. In short, the "fee in lieu of room tax" is a revenue generator for the City that is imposed on a certain class of residents without legislative permission and is therefore illegal. *See id.* at 306. The court's award of summary judgment to the City is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.