TOWN OF HOARD, Plaintiff-Respondent,

v.

CLARK COUNTY, Defendant-Appellant.

Court of Appeals

*No. 2015AP678. Submitted on briefs September 4, 2015.
—Decided November 12, 2015.*

2015 WI App 100

(Also reported in 873 N.W.2d 241.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ryan J. Steffes* of *Weld, Riley, Prenn & Ricci, S.C.*, Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Timothy D. Fenner* and *Timothy M. Barber* of *Axley Brynelson, LLP*, Madison.

Before Kloppenburg, P.J., Lundsten and Sherman, JJ.

¶ 1. KLOPPENBURG, P.J. The question on appeal is the legality of Town of Hoard Ordinance No. 091113, which imposes an annual charge on all property owners within the Town for the cost of fire protection. Pursuant to the ordinance, the Town charged Clark County, as the owner of a medical center

in the Town, $3,327.68 for fire protection for 2014. The Town brought this action for declaratory relief in an effort to compel the County to meet its obligation under the ordinance. The Town moved for, and the circuit court granted, summary judgment in its favor. The County appeals.

¶ 2. The Town argues that it is entitled to summary judgment because the ordinance is authorized under WIS. STAT. § 60.55(2)(b) as "a fee on property owners in the Town for the cost of fire protection, as set according to a written schedule that was adopted by the town board."[1] The County counters that: (1) the charge to the County under the ordinance is a tax rather than a fee and the County is exempt from general taxes under WIS. STAT. § 70.11(2); and (2) even if the charge is a fee, the ordinance is not authorized under WIS. STAT. § 60.55(2)(b) because that statute only authorizes fees for fire protection services "actually provided" to a property owner and the charge imposed under the ordinance is not for services "actually provided" to the County's property. For the reasons set forth below, we conclude that the Town is entitled to the declaratory relief granted to it on summary judgment. Therefore, we affirm.

---

[1] We do not address the Town's alternative argument that WIS. STAT. § 66.0627(2) authorizes the fee, because our conclusion that WIS. STAT. § 60.55(2)(b) authorizes the fee disposes of the appeal. *See Barrows v. American Family Ins. Co.*, 2014 WI App 11, ¶ 9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

## BACKGROUND

¶ 3. We briefly summarize the undisputed facts. The Town of Hoard is located in Clark County. The County owns and operates a medical center within the Town.

¶ 4. The Town is required by statute to provide "fire protection" to properties located within its geographic boundaries. The Town joined with other municipalities to form a fire district to provide fire protection to the municipalities including the Town. The fire district does not levy property taxes to fund its operations, and is, instead, primarily funded by the individual municipalities in the fire district. Each municipality contributes an equal share towards the cost of operating the fire district and the funding of its capital needs.

¶ 5. Prior to 2014, the Town funded its annual contribution to the fire district by means of a general tax levy. Properties that were exempt from local taxation did not pay towards the cost of fire protection provided by the fire district.

¶ 6. In September 2013, the town board enacted Ordinance No. 091113, which imposes an annual charge on properties located within the Town for the provision of fire protection according to a written schedule. The written schedule provides a formula for calculating a property's "domestic user equivalent" (DUE) units based upon two factors: the property's square footage and its nature of use (e.g., residential, commercial, hospital). For example, a single-family home of 1,500 square feet is assigned 1.0 DUE unit, and a hospital is assigned 1.5 DUE units per 1,000 square feet. The Town divides its total annual contribution to the fire district by the total number of DUE

units located within its geographic boundaries to arrive at a dollar amount per DUE unit, and then uses that dollar amount to determine each property's annual charge for fire protection. Based upon this calculation, the Town charged the County $3,327.68 in 2014. The County did not pay the charge.

¶ 7. The Town filed a complaint in July 2014 seeking declaratory judgment that: (1) it "has the legal authority to impose a special annual charge for fire protection services upon County real property located within the Town's municipal boundaries pursuant to Wis. Stat. §§ 60.55 and 66.0627;" (2) its "Ordinance No. 091113 related to Fire Protection Charges is legally valid and enforceable;" and (3) the County must pay the 2014 charge for fire protection for its real property in the amount of $3,327.68 plus interest.

¶ 8. The Town filed a motion for summary judgment, and the circuit court granted summary judgment in favor of the Town.

### DISCUSSION

¶ 9. Our review of a circuit court's grant of summary judgment is de novo. *Post v. Schwall*, 157 Wis. 2d 652, 656, 460 N.W.2d 794 (Ct. App. 1990). "When reviewing a grant . . . of summary judgment, we apply the same methodology as the [circuit] court." *Universal Die & Stampings, Inc. v. Justus*, 174 Wis. 2d 556, 560, 497 N.W.2d 797 (Ct. App. 1993). "Summary judgment is granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Kruschke v. City of New Richmond*, 157 Wis. 2d 167, 169, 458 N.W.2d 832 (Ct. App. 1990).

¶ 10. As we explain below, based upon the undisputed facts, the Town is entitled to summary judgment granting declaratory relief because: (1) the charge here is a fee and not a tax; and (2) WIS. STAT. § 60.55(2)(b) authorizes the Town to charge property owners a fee, set according to a written schedule established by the town board, for the cost of fire protection provided to their property, and the Town provided fire protection to the County's property.

### A. Tax Versus Fee

██

¶ 11. The Town concedes that if the charge under its ordinance is a tax then, under WIS. STAT. § 70.11(2), the County is exempt from paying the charge.[2] However, as we explain, we conclude that the undisputed facts demonstrate that the charge is a fee, not a tax.

██

¶ 12. "The purpose, and not the name it is given, determines whether a government charge constitutes a tax." *Bentivenga v. City of Delavan*, 2014 WI App 118, ¶ 6, 358 Wis. 2d 610, 856 N.W.2d 546; *see also City of Milwaukee v. Milwaukee & Suburban Transport Corp.*, 6 Wis. 2d 299, 305, 94 N.W.2d 584 (1959) ("The substance, and not the form, of the imposition is the test of its true character."). "[T]he primary purpose of a tax is to obtain revenue for the government, while the primary purpose of a fee is to cover the expense of providing a service or of regulation and supervision of certain activities." *City of River Falls v. St. Bridget's Catholic Church of River Falls*, 182 Wis. 2d 436, 441–42, 513 N.W.2d 673 (Ct. App. 1994).

---

[2] WISCONSIN STAT. § 70.11(2) exempts property "owned by any county" from general property taxes, with certain exceptions not applicable here.

¶ 13. The Town contends that the primary purpose of the charge here is to cover the expense of providing a service—fire protection by the fire district—and, therefore, the charge is a fee rather than a tax. In this regard, we perceive no dispute regarding the following facts. The expenses and capital needs of the fire district are primarily funded by contributions from each of the municipalities. In 2014, the Town's annual contribution was $24,500. The annual contribution is "divided by the total number of DUE units in the funding system to then allocate [the cost] amongst the property owners." Thus, "money collected [from property owners] under the system will never exceed what is put into the fire district." We conclude that the Town sufficiently established on summary judgment that it applies the charge imposed by the ordinance solely to cover the expense of providing the service of fire protection.

¶ 14. On appeal, the County ignores the above test for determining whether a charge is a tax or a fee, and raises two different but closely related arguments. The County contends that under *City of River Falls*: (1) the fact that the Town is "imposing the fire protection charge in its role as a municipality rather than in the role of a public utility," means that the charge is a tax; and (2) the fact that non-payment of the charge results in a tax lien against the property shows that the charge is in fact a tax. It is true that in *City of River Falls*, the city acted in its role as a public utility and the failure to pay did not result in a tax lien. *See* 182 Wis. 2d at 442–43. However, the County misreads *City of River Falls* and mistakes factual background for holdings. Nowhere in *City of River Falls* did we suggest that these facts—whether a municipality is acting as a public utility and whether non-payment

results in a tax lien—are part of the test used to determine whether a charge is a tax or a fee. When assessing that question, we applied, as we do here, the test set out by our supreme court in *State v. Jackman*, 60 Wis. 2d 700, 707, 211 N.W.2d 480 (1973), which is whether the primary purpose of the charge is to cover the expense of providing services, supervision or regulation. *See City of River Falls*, 182 Wis. 2d at 442.

¶ 15. In sum, we conclude that the Town demonstrated that the primary purpose of the charge is to cover the expense of providing the service of fire protection to the properties within its geographic boundaries and, therefore, the charge is a fee rather than a tax.

### B. Authority Under Wis. Stat. § 60.55(2)(b) to Charge Property Owners a Fee for Cost of Fire Protection

¶ 16. We now address whether the Town has authority to charge a fee to cover the expense of providing fire protection under Wis. Stat. § 60.55(2)(b).

¶ 17. "Statutory interpretation is a question of law that [this] court reviews de novo." *State v. West*, 2011 WI 83, ¶ 21, 336 Wis. 2d 578, 800 N.W.2d 929. Statutory language is construed based on its common and ordinary meaning. *Ervin v. City of Kenosha*, 159 Wis. 2d 464, 484, 464 N.W.2d 654 (1991). "Words that are defined in the statute are given the definition that the legislature has provided." *Wisconsin Citizens Concerned for Cranes and Doves v. WDNR*, 2004 WI 40, ¶ 6, 270 Wis. 2d 318, 677 N.W.2d 612. If the language is plain and unambiguous, the analysis stops there. *Kangas v. Perry*, 2000 WI App 234, ¶ 8, 239 Wis. 2d

392, 620 N.W.2d 429. In conducting this analysis, statutory language is not read in isolation but as it relates to the statute as a whole. *Id.* "[W]e look only to the plain language, purpose, context, and structure of the statutes." *Gister v. American Family Mut. Ins. Co.*, 2012 WI 86, ¶ 9, 342 Wis. 2d 496, 818 N.W.2d 880.

¶ 18. As noted above, the parties agree that the Town is required by Wis. Stat. § 60.55(1)(a) to "provide fire protection" to properties located within its boundaries. Wisconsin Stat. § 60.55(1)(a) reads:

GENERAL AUTHORITY. (a) The town board shall provide for fire protection for the town. Fire protection for the town, or any portion of the town, may be provided in any manner, including:

1. Establishing a town fire department.

2. *Joining with another town, village or city to establish a joint fire department . . . .*

3. Contracting with any person.

4. Utilizing a fire company . . . .

5. Creating a combined protective services department . . . .

(Emphasis added.)

¶ 19. Wisconsin Stat. § 60.55(1)(a) is unambiguous as applied here. The Town must provide fire protection to itself, and the legislature specifically defines how a town is to provide fire protection, including by joining with another municipality to establish a joint fire department.

¶ 20. It is undisputed that the Town joined with other municipalities to form a fire district for providing fire protection to the municipalities including the

249

Town. Therefore, in accordance with the legislature's definition of "provide" under Wis. Stat. § 60.55(1), the Town "provided" fire protection to the properties within the Town when it joined with other municipalities to form the fire district, and the Town continues to "provide" fire protection to the properties within the Town by continuing its participation in the fire district.

¶ 21. The parties' dispute concerns the next section, Wis. Stat. § 60.55(2), which addresses funding for the provision of fire protection:

> FUNDING. The town board may:
>
> (a) Appropriate money to pay for fire protection in the town.
>
> (b) *Charge property owners a fee for the cost of fire protection provided to their property under sub. (1)(a) according to a written schedule established by the town board.*
>
> (c) Levy taxes on the entire town to pay for fire protection.
>
> (d) Levy taxes on property served by a particular source of fire protection, to support the source of protection.

(Emphasis added.)

 ██

¶ 22. Wisconsin Stat. § 60.55(2) is also unambiguous as applied here. The Town may charge property owners a fee for the "cost of fire protection *provided* to their property under sub. (1)(a) according to a written schedule established by the town board." (Emphasis added.) Here, the Town provided fire protection to all properties in the Town, including the County's property, through its participation in the fire district; and

the Town charged the County $3,327.68 for the fire protection the Town provided in 2014 according to a written schedule for determining the quantity of DUE units assigned to the County's property, which in turn determines the amount of the total annual charge to the County. Accordingly, the $3,327.68 charge to the County for the provision of fire protection is authorized under Wis. Stat. § 60.55(2)(b) as a fee for the "cost of fire protection provided to [its] property under sub. (1)(a) according to a written schedule established by the town board."

¶ 23. The County raises two arguments contrary to the above statutory interpretation. First, the County argues that to interpret Wis. Stat. § 60.55(2)(b) as allowing this charge would render two specific parts of the statute "meaningless."

¶ 24. *Provided to their property.* The County contends without any cognizable explanation that the language "provided to their property" in Wis. Stat. § 60.55(2)(b) would be rendered meaningless. However, as we noted above, fire protection was "provided" to the properties in the Town when the Town joined with other municipalities to create the fire district. Thus, the language "provided to their property" in § 60.55(2)(b) has meaning consistent with our above interpretation.

¶ 25. *Levy taxes on the entire town to pay for fire protection.* The County also argues that Wis. Stat. § 60.55(2)(c), which authorizes the Town to "[l]evy taxes on the entire town to pay for fire protection," would be rendered meaningless because the above interpretation expands the scope of subsection (2)(b) such that it would "subsume[]" subsection (2)(c). To the extent that we understand the County's argument, it is

unpersuasive. Section 60.55(2) identifies alternatives for funding fire protection. Subsection (2)(b) authorizes a fee and subsection (2)(c) authorizes a tax. We discussed the difference between a fee and a tax in the previous section. The fact that the Town chose to charge a fee in this case, as authorized by subsection (2)(b), does not prevent any other municipality from imposing a tax, as authorized by subsection (2)(c). Our interpretation of § 60.55(2)(b) as including the fee imposed here does not render § 60.55(2)(c), which authorizes a tax, meaningless.

¶ 26. The County's second argument appears to be that to "provide" fire protection under WIS. STAT. § 60.55(2)(b), the Town must do something more than form the fire district because the pre-1988 version of the statute limited a town's charging authority to the cost of "*fire calls made* to their property." (Emphasis added.) The County argues that the current version of § 60.55(2)(b), which authorizes the Town to "[c]harge property owners a fee for the cost of *fire protection provided* to their property," was meant only to clarify the pre-1988 version. (Emphasis added.) We understand the County's argument to be that because the old version of the statute was limited to "fire calls made," and fire calls typically only benefit the particular individual property that requires the fire call, the phrase "fire protection provided" in the current statute must be similarly limited to "fire protection services *actually* provided" to a specific property owner. According to the County, the charge here is not for fire protection "actually" provided but only for fire protection that "may be available but not utilized," and, therefore, is not authorized under the statute.

¶ 27. The County's argument fails because the replacement of "fire calls made" in the pre-1988 ver-

sion with "fire protection provided" in the current version was a substantive change. *See Town of Janesville v. Rock County*, 153 Wis. 2d 538, 541 n.2, 451 N.W.2d 436 (Ct. App. 1989) (stating that "the removal of the 'per call' limitation [is a] substantive change["]). The pre-1988 version limited charges to a specific individualized fire protection service—a "fire call made." The current version removes that limitation and broadly authorizes charges for "fire protection provided." As we noted above, the legislature defines how municipalities may "provide" fire protection, including by joining with another municipality to establish a joint fire department. The plain language of the current statute states that the Town may charge property owners "a fee for the cost of fire protection provided to their property under sub. (1)(a)," and, as we have concluded above, fire protection is provided to all property in the Town by the Town's continued participation in the fire district. The County fails to persuade us that the current statute is somehow limited by the earlier statute.

 ██

¶ 28. The County's argument also fails because the County wrongly assumes that a fee cannot be assessed for making fire protection "available." Similar to the property owner in *City of River Falls*, the County's argument wrongly assumes that "to be a fee, a charge must be assessed for commodities actually consumed." 182 Wis. 2d at 442. In that case, we rejected a property owner's similar argument that a charge was a tax because it was "assessed regardless of whether the utility customer actually used water to fight a fire." *Id.* We explained that because the "purpose of the . . . charge is to cover the . . . expense of making water *available,* storing that water and ensur-

ing the water will be delivered in case it is needed to fight fires at the utility customers' properties, its substance is consistent with a fee, not a tax." *Id.* at 443 (emphasis added). Here, the presence of a fire district standing by ready to extinguish fires constitutes a fire protection service for which a fee may be assessed.

## CONCLUSION

¶ 29. For the reasons set forth above, we conclude that the Town is entitled to summary judgment because: (1) the charge here is a fee and not a tax; and (2) Wis. Stat. § 60.55(2)(b) authorizes the Town to charge property owners a fee, set according to a written schedule established by the town board, for the cost of fire protection provided to their property, and the Town provided fire protection to the County's property.

*By the Court.*—Judgment affirmed.