# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:   2023AP690

†Petition for Review filed

Complete Title of Case:

**WISCONSIN MANUFACTURERS AND COMMERCE, INC.,**

  **PLAINTIFF-APPELLANT,**

   **V.**

**VILLAGE OF PEWAUKEE,**

  **DEFENDANT-RESPONDENT.†**

| | |
|---|---|
| Opinion Filed: | March 13, 2024 |
| Submitted on Briefs: | January 16, 2024 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Gundrum, P.J., Neubauer and Lazar, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:   On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Scott E. Rosenow* of *WMC Litigation Center*, Madison.

Respondent
ATTORNEYS:   On behalf of the defendant-respondent, the cause was submitted on the brief of *Joseph M. Wirth* of *Wirth & Baynard*, Wauwatosa.

Non party
ATTORNEYS:   A nonparty was filed by *Nathalie E. Burmeister, Richard M. Esenberg, Lucas T. Vebber* and *Luke N. Berg* of *Wisconsin Institute for Law & Liberty, Inc.*, Milwaukee, for *Wisconsin Property Taxpayers*.

Non party
ATTORNEYS:          A nonparty brief was filed by *Maria Davis* and *Claire Silverman* of *League of the Wisconsin Municipalities*, Milwaukee.

COURT OF APPEALS
DECISION
DATED AND FILED

**March 13, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP690**

**STATE OF WISCONSIN**

Cir. Ct. No. **2022CV515**

**IN COURT OF APPEALS**

---

WISCONSIN MANUFACTURERS AND COMMERCE, INC.,

   PLAINTIFF-APPELLANT,

 V.

VILLAGE OF PEWAUKEE,

   DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Waukesha County: MICHAEL J. APRAHAMIAN, Judge. *Reversed.*

Before Gundrum, P.J., Neubauer and Lazar, JJ.

¶1     LAZAR, J. Wisconsin Manufacturers and Commerce, Inc. ("WMC") appeals from a judgment entered by the circuit court dismissing its claims against the Village of Pewaukee ("Village") relating to the Village's enactment of a "transportation user fee" ("TUF").  WMC asserts that the Village's TUF is, in

reality, an unlawful tax created in an attempt to evade limits on its taxing powers. WMC supplemented its brief by referencing *Wisconsin Property Taxpayers, Inc. v. Town of Buchanan*, 2023 WI 58, 408 Wis. 2d 287, 992 N.W.2d 100.[1]

¶2      The Village asserts, among other arguments, that the TUF is not a tax, that it did not need statutory authority to create the TUF, and that *Town of Buchanan* is distinguishable.  Two amicus parties filed supporting briefs, the League of Wisconsin Municipalities[2] and Wisconsin Property Taxpayers, Inc.[3]

¶3      Because we conclude that the TUF is an impermissible tax under our supreme court's decision in *Town of Buchanan*, we reverse.

---

[1] *Wisconsin Property Taxpayers, Inc. v. Town of Buchanan*, 2023 WI 58, 408 Wis. 2d 287, 992 N.W.2d 100, was released by our supreme court two days after WMC filed its opening appellate brief.  All parties on appeal were ordered to, and did, address this decision in their briefs.

[2] The League of Wisconsin Municipalities "is a non-profit, non-partisan association of cities and villages whose current membership consists of Wisconsin's 190 cities and 405 of Wisconsin's 416 villages."  The League argues, consistent with the Village, that municipalities have home rule authority and that unlike towns, they do not need statutory authority to impose TUFs.  Thus, its position is that *Town of Buchanan* does not control in this appeal.

[3] The Wisconsin Property Taxpayers, Inc. ("WPT") is a "membership-based advocacy organization" founded in 1985 that "represents the interests of thousands of commercial, agricultural, and residential property taxpayers throughout [Wisconsin.]"  WPT argues, consistent with WMC, that the Village's TUF is an illegal tax that the Village had no authority to enact and that, just as our supreme court unanimously invalidated the TUF in *Town of Buchanan*, the Village's TUF must be invalidated.

**BACKGROUND**

¶4      The Village enacted an ordinance to create a transportation utility in February 2021.  According to the ordinance, the purpose and intent behind creating this utility was to "provide[] a sustainable source of funds for the maintenance, construction and reconstruction of transportation infrastructure under the jurisdiction of the Village."  The utility is to spend money exclusively on pavement preservation, street and sidewalk construction or reconstruction, street lighting, traffic control, pedestrian facilities, storage for the equipment used for these purposes, and its own administration.  To generate revenue for the utility, the ordinance provides that "[e]very developed property shall pay a Transportation User Fee"—the TUF at issue.  The TUF is "comprised of a Base Fee and a Usage Fee." The base fee "is equal for all utility accounts" and is determined by dividing the total fixed base costs of the transportation system by the total number of utility accounts.  The usage fee is determined by dividing the target budget for the aforementioned activities (exclusive of base costs) by the total number of estimated trips for all accounts and allocating to each account (based on its use category in the Institute of Traffic Engineers Manual) its proportional share.

¶5      WMC filed suit against the Village in April 2022, challenging the legality of the TUF.  According to WMC, the TUF was not a fee but rather an illegal excise tax that lacked statutory authority or an illegal property tax that violated the Uniformity Clause of the Wisconsin Constitution.[4]  *See City of Plymouth v. Elsner*, 28 Wis. 2d 102, 106-07, 135 N.W.2d 799 (1965) (holding that a monthly charge on each utility customer was illegal as either an excise tax or a property tax).  The

---

[4] WMC also asserted that even if the TUF were to be considered a fee rather than a tax, it is *ultra vires* and illegal.

circuit court granted summary judgment in favor of the Village on March 9, 2023. It determined that "the TUF is a fee and not a tax," and as such, it is a legal mechanism for funding a transportation utility under WIS. STAT. § 66.0621 (2021-22). WMC filed this appeal, renewing the arguments it made before the circuit court.

## DISCUSSION

¶6     We review a circuit court's grant of summary judgment de novo. *Munger v. Seehafer*, 2016 WI App 89, ¶46, 372 Wis. 2d 749, 890 N.W.2d 22. Summary judgment is appropriate in the absence of any issue of material fact such that the moving party is entitled to judgment as a matter of law. *Id.* The legal question of whether a charge is a tax or a fee is also subject to de novo review. *See Bentivenga v. City of Delavan*, 2014 WI App 118, ¶5, 358 Wis. 2d 610, 856 N.W.2d 546.

¶7     Our analysis is straightforward in light of *Town of Buchanan*, 408 Wis. 2d 287. This unanimous decision directly addressed the legality of a "transportation utility fee" implemented by the Town of Buchanan. Like the TUF at issue here, the purpose of Buchanan's fee was to fund a transportation utility that would be responsible for funding "safe and efficient transportation facilities within the Town." *Id.*, ¶3. Also like the Village, the Town of Buchanan sought to fund its utility with a fee imposed on "[e]very developed property within the Town." *Id.* All residential properties paid the same annual fee, while commercial properties paid a fee based on their size, type of business, and the number of trips they were estimated to take on municipal roads. *Id.*, ¶4. The supreme court held that the funding mechanism for Buchanan's transportation utility was a tax. *Id.*, ¶10. Thus, we must hold that the TUF at issue here is also a tax.

¶8      The Village's efforts to distinguish *Town of Buchanan* and prevent its application to this case are not persuasive. First, the Village points out that the parties in *Town of Buchanan* did not dispute that the charge in that case was a tax on town residents and quotes *Wieting Funeral Home of Chilton, Inc. v. Meridian Mutual Insurance Co.*, 2004 WI App 218, ¶14, 277 Wis. 2d 274, 690 N.W.2d 442: "[A]n opinion does not establish binding precedent for an issue if that issue was neither contested nor decided." The Village is correct that the Town of Buchanan did not dispute that its transportation utility fee was, in fact, a tax. *Town of Buchanan*, 408 Wis. 2d 287, ¶10. But it is wrong in arguing that the supreme court did not decide this issue. On the contrary, the court explicitly held that "[t]he parties are correct" on this issue, citing case law including *Bentivenga*, 358 Wis. 2d 610, to explain its conclusion that "the TUF is a tax because the Town imposed it on a class of residents for the purpose of generating revenue." *Town of Buchanan*, 408 Wis. 2d 287, ¶10.

¶9      Next, the Village argues that *Town of Buchanan* is distinguishable because unlike the Town of Buchanan, villages have home-rule authority. The Village does not explain, and we do not perceive, the relevance of this fact to the question of whether a charge is a fee or a tax; it can only arguably relate to the legality of a fee, since a village may not adopt a tax under its home rule authority. *See Jordan v. Village of Menomonee Falls*, 28 Wis. 2d 608, 621, 137 N.W.2d 442 (1965).

¶10     Finally, the Village argues that its TUF is a fee rather than a tax like the Town of Buchanan's because its permissible uses and its method for determining "estimated use" are more specific than the Town's. Setting aside the scant evidence of any meaningful factual difference in either regard, the Village cites no support from *Town of Buchanan* or any other authority for the notion that any such

differences have legal significance. Thus, we need not consider these arguments further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered.").

**CONCLUSION**

¶11     We conclude that ***Town of Buchanan*** is controlling precedent under which the TUF at issue is indeed a tax rather than a fee. None of the Village's efforts to distinguish this case are persuasive. Because the Village does not dispute that the TUF at issue is illegal if it is deemed a tax, we reverse.

*By the Court.*—Judgment reversed.

6